

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-5424
Re: Whether, under given facts,
an individual is an "employ-
ment agent" within the pro-
visions of House Bill No.
264, Acts of the 48th Legis-
lature.

This is with reference to your recent letter read-
ing in part as follows:

"In one of the larger cities of Texas there
is an agency which is operating in the following
manner:

"The agency in question is operated by an in-
dividual. Its affairs are conducted by this indi-
vidual. The agency is operated for profit. To be-
come a member of the agency a person must be either
a registered or practical nurse. These nurses pay
a fee to have their names placed on a register
maintained by the individual operating the agency.
When a physician or surgeon has a patient who de-
sires to employ a nurse, the physician contacts the
operator of the agency who in turn procures one of
the nurses registered with the agency. The nurse
thus contacted and procured by the operator is paid
by the patient for services performed for the patient.
The agency is not conducted by professional nurses
but is conducted by an individual not a nurse and
for the profit of that individual.

"Is the person who conducts and operates the
above described agency an 'Employment Agent' within

Honorable John D. Reed, page 2

House Bill No. 264, Acts of the 48th Legislature
of Texas?"

House Bill No. 264, Acts of the 48th Legislature,
provides that each employment agency must pay an annual li-
cense fee of $150.00 for each county in which the employment
agent shall operate, and shall file with the proper authority
a bond in the sum of $5,000.00.

Section 1 of said House Bill No. 264 defines "em-
ployment agent" as follows:

"(e) 'Employment . . . Agent' means any per-
son in this State who for a fee offers or attempts
to procure employment for employees, . . . or any
person who for a fee offers or attempts to procure
or procures employees for employers. . . ."

By way of exception, Section 2 of the Act provides:

"The provisions of this Act shall not apply to
. . . any nurses' organization operated not for
profit, to be conducted by recognized professional
registered nurses for the enrollment of its profes-
sional members only for the purpose of providing
professional service to the public."

From the facts submitted, it is the opinion of this
department that the individual performing the described duties
is a "person who for a fee offers or attempts to procure or
procures employees for employers" and that such individual does
not come within the exception above quoted nor any other excep-
tion in the Act, and that such individual is an "employment
agent" within the provisions of House Bill No. 264, Acts of the
48th Legislature.

Yours very truly

APPROVED AUG 4, 1943

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By E. B. Pharr

E. G. Pharr
Assistant

EGP:db

APPROVED
OPINION
COMMITTEE